UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No.: 8:13-cr-78-VMC-TGW

JUAN DAVID MORENO BONILLA

_____________________________/

**ORDER**

This cause comes before the Court pursuant to Defendant Juan David Moreno Bonilla's pro se Motion for Compassionate Release (Doc. # 233), filed on September 27, 2021. The United States of America responded on October 26, 2021. (Doc. # 238). For the reasons set forth below, the Motion is denied.

## I. Background

In September 2015, this Court sentenced Moreno Bonilla to 188 months' imprisonment after he pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. # 176). Moreno Bonilla is 43 years old and his projected release date is August 17, 2027.[1]

In the Motion, Moreno Bonilla seeks compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A), as

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

amended by the First Step Act, and argues that his sentence is unfair and excessive, and he would have received a lesser sentence had he been sentenced today. (Doc. # 233 at 5). Moreno Bonilla also raises an argument under the First Step Act. (Id.). Prior to filing the instant Motion, Moreno Bonilla made a request for compassionate release to the Bureau of Prisons ("BOP") on September 1, 2021. (Doc. # 233-2). His request was denied on September 7, 2021. (Id.). The United States has responded to Moreno Bonilla's Motion (Doc. # 238), and the Motion is now ripe for review.

## II. Discussion

### A. Motion for Compassionate Release

The United States argues that Moreno-Bonilla has failed to identify "extraordinary and compelling circumstances" that would justify granting the instant Motion (Doc. # 238 at 2-3). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Moreno Bonilla argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

> defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, the United States appears to concede that Moreno Bonilla exhausted his administrative remedies. (Doc. # 238 at 2-3). However, even if Moreno Bonilla has exhausted his administrative remedies, the Motion is denied because he has not demonstrated or even identified any circumstances that are extraordinary and compelling so as to warrant compassionate release.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons"

for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Moreno Bonilla bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Moreno Bonilla cites no reasons or circumstances that this Court may consider as extraordinary or compelling. He states only that his sentence is "unfair and excessive for a non-violent offense." (Doc. # 233 at 5). Because his claim of an excessive sentence is not one of the considerations this Court may use to warrant a compassionate release, Moreno Bonilla is not eligible for relief under 18 U.S.C. § 3582(c)(1)(A)(i).

**B. Request for Relief under Amendments to the Fair Sentencing Act**

Insofar as Moreno Bonilla's Motion is construed as a request for a reduction in sentence under the First Step Act's retroactivity amendments to the Fair Sentencing Act, it must be denied.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002) (collecting cases and explaining that district courts lack the inherent authority to modify a sentence). The First Step Act expressly grants district courts the discretion to reduce a previously imposed sentence to reflect modifications to sentencing "as if the modified statutory penalties of sections 2 and 3 of the Fair Sentencing Act of 2010 [. . .] were in effect at the time the covered offense was committed." First Step Act, Pub. L. No. 115-391 § 404(b), 132 Stat. 5194, 5222 (2018).

However, Moreno Bonilla did not commit a "covered offense" within the meaning of the Act because he pled guilty to conspiracy to possess with intent to distribute powder cocaine, not base or "crack" cocaine. (Doc. # 102 at 1). The

Fair Sentencing Act raised the threshold quantity of only base cocaine, from 50 to 280 grams. Fair Sentencing Act of 2010 § 2. He is therefore ineligible for relief under the First Step Act.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED:**

Defendant Juan David Moreno Bonilla's pro se Motion for Compassionate Release (Doc. # 233) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of November, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE